# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TROY FOSTER,**

      **Plaintiff,**

  v.                                                  Civil Action 2:19-cv-4453
                                                                Chief Judge Algenon L. Marbley
                                                                Magistrate Judge Jolson

**HEALTH RECOVERY SERVICES, INC.,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant's unopposed Motion for Leave to File Exhibit Under Seal. (Doc. 24). For the reasons that follow, Defendant's Motion is **DENIED without prejudice to refiling**. Plaintiff is **ORDERED** to submit a narrowly tailored Motion for Leave to File under Seal within ten (10) days of the date of this Opinion and Order.

### I.    BACKGROUND

Plaintiff Troy Foster, on behalf of a purported class, has brought suit against Defendant Health Recovery Services, Inc. ("Health Recovery"), an alcohol and drug addiction services provider, for numerous claims allegedly arising from Defendant's early 2019 data breach. (*See generally* Doc. 6). Defendant filed its Answer on October 21, 2020, (Doc. 25), and seeks to file a supporting exhibit under seal (Doc. 24). To ensure it could conduct a comprehensive inquiry pursuant to the Sixth Circuit's standard for sealing documents, the Court ordered Defendant to submit the record to the Undersigned's chambers for *in camera* review. (Doc. 26). Defendant promptly did so, and upon *in camera* review, the Court concludes that Defendant should not be granted leave to file under seal.

## II. STANDARD

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party owns a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305–06 (quotation marks and citation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation marks and citation omitted).

## III. DISCUSSION

In his Complaint, Plaintiff seeks damages stemming from Defendant's 2019 data breach. (*See generally* Doc. 6). Relevant here, Plaintiff alleges that Defendant "conducts an initial patient intake[] for new patients, including Plaintiff, which includes questions about substance abuse, mental health, and HIV status." (*Id.*, ¶ 27). According to Plaintiff, "[t]he breach involved the most sensitive health information related to their patients' mental health history, substance abuse

2

history, Sexually Transmitted Infection (STI) history, and Human Immunodeficiency Virus (HIV) history." (*Id*., ¶ 28).

Plaintiff further alleges that "[t]he mental health, substance abuse, STI, and HIV history combined with other personal information including social security numbers results in an unusually dangerous and damaging combination of disclosed personal and health information." (*Id*., ¶ 29). "As a result of this disclosure of the most highly sensitive health information, Plaintiff and similarly situated patients of [Defendant] have experienced irreparable harm and damages of a pecuniary and non-pecuniary nature, including the severe emotional distress resulting from having their most sensitive health information exposed." (*Id*., ¶ 30).

In its Answer, Defendant attaches as Exhibit A "the information collected from Plaintiff during the intake" and notes that Plaintiff provided "only [that] information" to it, which it then maintained for its files. (Doc. 25, ¶ 27). Defendant seeks leave to file that exhibit under seal. (*See generally* Doc. 24). It notes that "Plaintiff has taken the position that information provided to [it] during intake is confidential," so, "in an abundance of caution, [it] moves for an order permitting" it to file the record under seal. (*Id*. at 2). At the same time, however, it notes that "the information provided in such intake records is central to Plaintiff's claims[;] [i]ndeed, Plaintiff's four remaining claims allege that [it] purportedly disclosed such information to third parties." (*Id*.).

Given the importance of this information, Defendant has not met its burden to justify sealing it from the public record. Because the record contains Plaintiff's personal information, Plaintiff is **DIRECTED** to file a narrowly tailored motion to seal within ten (10) days of the date of this Opinion and Order. Plaintiff must explain, on a line-by-line basis, why the record must be sealed rather than redacted. *See Shane Grp., Inc.*, 825 F.3d at 305. The Court will, of course, permit the parties to redact Plaintiff's personally identifying information, for example, his social

3

security number. But considering the allegations in this case, Plaintiff must satisfy his heavy burden of overcoming the strong presumption in favor of openness as to court records. *See id*. In doing so, he must specifically grapple with the public's "strong interest in viewing the evidence" upon which this Court could potentially "base [its] decision[,] even if that evidence could be deemed privileged or protected." *Id*.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 24) is **DENIED without prejudice to refiling**. Plaintiff is **ORDERED** to submit a narrowly tailored Motion for Leave to File under Seal within ten (10) days of the date of this Opinion and Order.

IT IS SO ORDERED.

Date: November 3, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE