IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIANA FRECHETTE, et al.,

    Plaintiffs,

    v.                                    Civil Action 2:19-cv-4453
                                        Chief Judge Algenon L. Marbley
                                        Magistrate Judge Jolson

HEALTH RECOVERY SERVICES, INC.,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Extension of Time (Doc. 55). For the reasons that follow, the Motion is **GRANTED**. Plaintiffs are **ORDERED** to notice their 30(b)(6) deposition topics to Defendant within **seven (7) days** of the date of this Opinion and Order. The remaining case deadlines are amended in the Conclusion of this Opinion and Order.

**I.    BACKGROUND**

Plaintiffs Tiana Frechette and Jane Doe, guardian and mother of J.F., a minor, and C.F., a minor, on behalf of a purported class, have brought suit against Defendant Health Recovery Services, Inc., a mental health and alcohol and drug addiction services provider, for numerous claims allegedly arising from Defendant's early 2019 data breach. (*See generally* Doc. 38). Following a ruling on Defendant's Motion to Dismiss earlier this year (Doc. 44), the parties agreed that additional discovery had to be completed before class certification could be briefed, and proposed deadlines accordingly (Doc. 47). Those deadlines were adopted by the Court (Doc. 49), and later extended, requiring that discovery related to the class allegations be completed by October 24, 2022 (Doc. 54). The parties were warned that no further extensions would be granted. (*Id.*).

During the class discovery period, the parties completed several depositions. (Doc. 55 at 1). One such deposition was of Regina Smith, Defendant's Chief Financial Officer. (*Id.*). Plaintiffs anticipated that Smith—because she was the signatory of the 20,485 letters sent to the putative class members, notifying them of the data breach—would be able to testify as to how those 20,485 individuals were identified by Defendant. (*Id.*). Additionally, they expected she could testify about the intake process by Defendant's staff. (*Id.*). But on both counts, they were surprised; Smith could not provide the requested information. (*Id.*).

This might have been of little consequence if Plaintiffs could have subsequently deposed a corporate representative. But, despite noticing Smith's deposition on May 26, 2022, "multiple delays" meant the deposition was not conducted until October 20, 2022—only days before the class discovery window shut. (*Id.*). Now, Plaintiffs move for a sixty-day extension of case deadlines, so they may depose Defendant's corporate representative under Federal Rule of Civil Procedure 30(b)(6). (*Id.* at 2). The Court expedited briefing on the Motion (Doc. 56), and Defendant filed its opposition (Doc. 57). The matter is now ripe for consideration.

**II.     STANDARD**

Because Plaintiffs seek to modify the scheduling order, they must demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "[T]he Court's assessment of 'good cause' focuses on 'the moving party's diligence in attempting to meet the case management order's requirements.'" *Smith v. T. Marzetti Co.*, No. 1:18-CV-00089-GNS-HBB, 2019 WL 4044024, at *3 (W.D. Ky. Aug. 27, 2019) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Five factors are useful to assessing Plaintiffs' diligence: (1) when Plaintiffs learned of the discovery at issue; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether Plaintiffs were

dilatory; and (5) whether Defendant was responsive to discovery requests. *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (citing *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011)).

In addition to Plaintiffs' diligence, the Court also considers "possible prejudice" to Defendant. *T. Marzetti Co.*, 2019 WL 4044024, at *3 (citing *Inge*, 281 F.3d at 625). Importantly, the decision to modify a scheduling order is within the Court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

### III. DISCUSSION

Plaintiffs ask for a modification of the scheduling order so that they may proceed with a 30(b)(6) deposition of Defendant and obtain the information they anticipated Regina Smith would provide. (Doc. 55 at 1–2). Defendant says that Plaintiffs have not acted diligently, Defendant will be prejudiced by further delay, and good cause does not therefore support modification. (Doc. 57 at 3–4). While the progress of discovery has been far from perfect, the Court nonetheless finds that Plaintiffs have not intended to cause delay, the at-issue discovery is significant to the merits of the case, and good cause supports the Motion.

First, Plaintiffs only recently—at the October 20, 2022 deposition of Regina Smith—learned that a 30(b)(6) deposition would be necessary to complete discovery. Defendant questions why Plaintiffs "elected to rely solely on Ms. Smith—a fact witness testifying in her individual capacity—for this information." (Doc. 57 at 3). While it certainly would have been prudent for Plaintiffs not to rely on a single witness, it was not unreasonable for them to anticipate that Smith could testify about the identified topics—particularly about the letters on which she was the signatory.

Still more, the information sought is likely to bear on the merits of the case, particularly the upcoming motion for class certification. While Defendant identifies that Plaintiffs have not been clear about how precisely they intend to use the information (*id.* at 3), there are clear relevant applications of the information. Namely, at the class certification stage, Plaintiffs will have to demonstrate commonality among their proposed class, and the typicality of their representative parties' claims to those of the class. Understanding more about how Defendant identified the 20,485 individuals who received notice of the data breach, all of whom comprise the putative class, may help Plaintiffs develop their arguments about how the class is related by fact and law.

The Court itself has noted the protracted length of the discovery period (Docs. 49, 54), which certainly does not favor extension. Yet, the Court finds that Plaintiffs have not been dilatory, and Defendant itself may have been more responsive to Plaintiffs' notice of the Smith deposition. Plaintiffs noticed the Smith deposition on May 26, 2022, and requested available dates from Defendant's counsel. (Doc. 55-1, ¶ 2). "Despite multiple earlier attempts to schedule [that] deposition, [Smith] did not sit for her deposition until October 20, 2022." (*Id.*, ¶ 3). The Court doubts, nor does Defendant represent, that that period of delay can be attributed unilaterally to Plaintiffs. On balance, the factors support that Plaintiffs have been diligent in attempting to meet the fact discovery deadline.

The Court notes that while prejudice to the nonmoving party is a consideration, it is a secondary one. *See Cooke v. AT&T Corp.*, No. 2:05-CV-374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007) (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)) ("Prejudice to the party not seeking alteration to the scheduling order should be a factor, but the main focus should remain on the moving party's exercise of diligence."). Particularly, Defendant notes its frustration in defending "a putative class action for three years without having

4

the ability to receive a decision on class certification." (Doc. 57 at 4). While the Court understands Defendant's wish to progress with the litigation—and the Court itself has expressed concern about the age of the case (Docs. 49, 54)—this alone does not warrant shutting the window on significant discovery. Still more, the Court notes that as recently as August 2022, Defendant was joining in requests to extend the case schedule. (Doc. 53).

While an extension will possibly prejudice Defendant, this does outweigh the Court's finding that Plaintiffs have been reasonably diligent in attempting to meet the Court's deadlines, and that significant outstanding discovery must still be gathered. Accordingly, good cause supports the Motion for Extension of Time (Doc. 55), and it is **GRANTED**. Yet, the Court expects that the parties will proceed with the 30(b)(6) deposition expeditiously. To that end, Plaintiffs are **ORDERED** to notice their 30(b)(6) deposition topics to Defendant within **seven (7) days** of the date of this Opinion and Order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Extension of Time (Doc. 55) is **GRANTED**. Plaintiffs are **ORDERED** to notice their 30(b)(6) deposition topics to Defendant within **seven (7) days** of the date of this Opinion and Order. The remaining case deadlines are **AMENDED** as follows:

| Completion of Discovery Related to Class Allegations | December 23, 2022 |
|---|---|
| Motion for Class Certification Due | January 7, 2023 |
| Per Loc. R. 23.3, Proposed Date for Determination on Class Certification | February 27, 2023 |
| Primary Expert Report(s) Due | May 17, 2023 |
| Rebuttal Expert Report(s) Due | June 21, 2023 |
| Close of Discovery | July 9, 2023 |

Case: 2:19-cv-04453-ALM-KAJ Doc #: 58 Filed: 11/10/22 Page: 6 of 6  PAGEID #: 432

6

| Dispositive Motions Deadline | August 6, 2023 |

      IT IS SO ORDERED.

Date:  November 10, 2022                             /s/ Kimberly A. Jolson
                                                              KIMBERLY A. JOLSON
                                                              UNITED STATES MAGISTRATE JUDGE