IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIANA FRECHETTE, et al.,

    Plaintiffs,

    v.

HEALTH RECOVERY SERVICES, INC.,

    Defendant.

Civil Action. 2:19-cv-04453
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on the sealing of several documents. Plaintiffs Tiana Frechette and Jane Doe, guardian and mother of J.F., a minor, and C.F., a minor, on behalf of a purported class, have brought suit against Defendant Health Recovery Services, Inc., a mental health and alcohol and drug addiction services provider, for numerous claims allegedly arising from Defendant's early 2019 data breach. (*See* Doc. 38). Plaintiffs previously moved to seal Exhibits B–G supporting their Motion for Class Certification, because those exhibits had been marked as confidential by Defendant during the exchange of discovery. (Doc. 59). The Court granted temporary sealing and asked Defendant to articulate a basis for permanent sealing. (Doc. 61). Defendant has done so (Doc. 63), and the Court will consider the merits of the proposed sealing. Additionally, Defendant has moved to file under seal unredacted versions of its Memorandum in Opposition to Class Certification (Doc. 66) as well as Exhibits 1 and 3 supporting that memorandum. (Doc. 65). For the following reasons, the Motion (Doc. 65) is **GRANTED in part and DENIED in part**, and the temporary sealing ordered at Doc. 61 is made permanent in

part and lifted in part. Defendant is **ORDERED** to file the redacted and sealed exhibits consistent with this Opinion and Order **within seven (7) days**.

I.   STANDARD

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at 305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating

2

the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307.). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

## II. DISCUSSION

### A. Temporary Sealing from Plaintiffs' Motion to Seal

Plaintiffs moved to seal six exhibits in support of their Motion for Class Certification: Exhibit B, a deposition of Regina Smith; Exhibit C, a 30(b)(6) deposition of Regina Smith representing Defendant; Exhibit D, a form letter regarding breach notification; Exhibit E, a letter from the Office for Civil Rights; Exhibit F, a statement of work prepared by a third party for Defendant; Exhibit G, a copy of the Exhibit D form letter addressed to and received by Plaintiffs. (Doc. 59). Because the documents were marked as confidential by Defendant, Plaintiffs brought the motion pursuant to the terms of the parties' Stipulated Protective Order (Doc. 22) but stated their disagreement with the need to seal. (Doc. 59). The Court granted temporary sealing and asked Defendant to state a basis for sealing. (Doc. 61). It did so (Doc. 63) and provided the Court with proposed redacted versions of these exhibits (Docs. 63-1–63-5).

3

1. **Exhibit B**

Exhibit B contains two redactions: the name of a minor Plaintiff and a discussion on pages 86–90 regarding an intake agreement between Plaintiff Tiana Frechette and Defendant. Defendant asserts this discussion describes the medical records of the Plaintiffs. The Court disagrees. The discussion only vaguely references an agreement describing intake procedures and practices, which seems to be a standard intake agreement Defendant provided to all patients. Even if the form itself contains confidential medical information, which is unclear, the discussion of the form certainly does not. The deposition only communicates that the form exists, the topics it covers, and that a particular Plaintiff signed it. The Court does not find a compelling justification that meets the heavy burden to seal. *See Shane Grp.*, 825 F.3d at 305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)). The Court does agree, however, to the redaction of the minor Plaintiff's name. There is a compelling interest in protecting the names of minor individuals from disclosure in Court filings, as recognized by Federal Rule of Civil Procedure 5.2(a). As such, Defendant[1] shall redact only the minor Plaintiff's name and file this new version of Exhibit B on the public docket **within seven (7) days** of the date of this Order.

2. **Exhibit C**

Exhibit C contains redactions regarding: the name of a minor Plaintiff and a discussion on pages 80 and 81 about the intake forms provided to Plaintiff Tiana Frechette. As discussed above, the discussions of intake procedures do not warrant redaction. However, the redactions of the minor Plaintiff's name are appropriate. Defendant shall redact only the minor Plaintiff's name and

---

[1] The Court notes that these are Plaintiffs' exhibits. Yet, because Defendant is the proponent of sealing, and because the proposed redactions need to be adjusted, Defendant should bear any burden in preparing subsequent filings.

file this new version of Exhibit C on the public docket **within seven (7) days** of the date of this Order.

### 3. Exhibit D

Plaintiffs believe that none of the documents referenced in their motion warrant sealing. (Doc. 59).  With respect to Exhibit D, Defendant agrees.  (Doc. 63 at 2).  Defendant shall file an unredacted version of Exhibit D on the public docket **within seven (7) days** of the date of this Order.

### 4. Exhibit E

Exhibit E is a redacted letter from the Office for Civil Rights to Defendant.  The redacted portion of the letter includes details of corrective security measures Defendant put in place after the data breach.  This Court has found a compelling interest to file such information under seal. *See NFocus Consulting Inc. v. Uhl,* No. 2:20-cv-5106, 2020 U.S. Dist. LEXIS 260676, at *4 (S.D. Ohio Dec. 9, 2020) (finding sealing of security measure details proper "to prevent clients and malevolent third parties from using that information to undermine the security features, thereby potentially harming [the party].") (citation and quotation marks omitted).  The redacted version of Exhibit E is sufficiently narrowly tailored.  As such, Doc. 63-3 is a properly redacted version of Exhibit E and has already been filed to the public docket.

### 5. Exhibit F

Exhibit F is a Statement of Work provided to the Defendant by a third-party.  The only redacted portion of the Statement of Work is the third-party's pricing.  A company's pricing information is confidential and subject to redaction or seal.  *Sound Energy Co., Inc. v. Ascent Resources-Utica, LLC*, No. 2:18-cv-1771, 2020 WL 13528338, at *2 (S.D. Ohio Apr. 3, 2020)

(finding that "the public has little to no interest in the disclosure of [ ] privately negotiated purchase prices," while the negotiating parties have a compelling interest against disclosure, which could allow the parties' competitors to "gain[ ] a competitive advantage . . ."). The redacted version of Exhibit F is sufficiently narrowly tailored. As such, Doc. 63-4 is a properly redacted version of Exhibit F and has already been filed to the public docket.

### 6. Exhibit G

Exhibit G contains copies of the breach notice in Exhibit D but addressed to two Plaintiffs. The letters contain the personal identifying information, including a name and address, of a minor Plaintiff. As stated above, there is a compelling interest in protecting this information, and redacting the addressed portions of the letters is narrowly tailored to satisfy that interest. The redacted version of Exhibit G is therefore proper. As such, Doc. 63-5 is a properly redacted version of Exhibit F and has already been filed to the public docket.

### B. Defendant's Motion to Seal

Defendant moves to seal three documents: Defendant's Memorandum in Opposition to Plaintiffs' Motion for Class Certification ("Opposition Brief"); Exhibit 1 to the Opposition Brief (the Declaration of Regina Smith); and Exhibit 3 to the Opposition Brief (excerpts of the deposition transcript of Jane Doe, mother of C.F. and J.F.). It has already filed redacted versions of each document to the public docket. (Docs. 66, 66-1, 66-3).

### 1. Defendant's Opposition

Defendant's Opposition Brief redacts language regarding an individual who was formerly a party to this suit. (*See* Doc. 66). Defendant suggests that because this language broadly references an intake call between the former party and Defendant, it may implicate medical information, which typically presents a compelling interest for sealing. (Doc. 65 at 3). The Court

does not find that medical information is revealed by the language.  It merely discloses that the individual (1) completed an intake call with Defendant and (2) then pursued no further treatment or services.  This does not reveal anything more than what the former party willingly disclosed when he was a party to the case—aside from the fact that he was mistaken when he stated he received treatment from Defendant.  Still more, this information underscores Defendant's argument about the typicality of claims amongst putative class members, so disclosure will promote the public's understanding of the case.  Defendant shall file an unredacted version of the Opposition Brief on the public docket **within seven (7) days** of the date of this Order.

2. **Exhibit 1: Declaration of Regina Smith**

This declaration redacts similar language about the former party to this suit.  For the same reasons as above, that redaction is not necessary.  However, Exhibit B to the declaration is a letter from Defendant's counsel to the Office of Civil Rights, explaining the investigation, summary, and remediation of the data breach.   Defendant asks that this information be filed under seal as it reveals sensitive information about its cyber security measures.  The Court agrees, as it outlines above, that there is a compelling security interest.  And because the exhibit in its entirety concerns security measures, there is no meaningful way to redact it.  As such, Defendant shall file an unredacted version of the Smith Declaration on the public docket **within seven (7) days** of the date of this Order—yet it may file Exhibit B to the declaration under seal.

3. **Exhibit 3: Deposition of Jane Doe**

Defendant represents that it has made redactions to the deposition of Jane Doe to protect her children's medical information.  But, as with Exhibits B and C to Plaintiffs' Motion for Class Certification, the discussion merely establishes the existence and completion of intake forms which set forth some of Defendant's policies and procedures.  This discussion does not reveal medical

7

information or personal identifying information. And to the extent the children are referenced in the deposition, it is only by initials. The Court does not see a compelling justification for redacting such discussion. As such, Defendant shall file an unredacted version (excepting the redactions of Jane Doe's name throughout) of Exhibit 3 on the public docket **within seven (7) days** of the date of this Order.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motions to File Documents Under Seal (Doc. 65) is **GRANTED in part and DENIED in part**. Defendant is **ORDERED** to file the redacted and sealed exhibits consistent with this Opinion and Order within seven (7) days.

IT IS SO ORDERED.

Date:  February 27, 2023                    /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE