IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIANA FRECHETTE, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:19-cv-4453 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| HEALTH RECOVERY SERVICES, INC., | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 76) and Plaintiffs' Motion to Dismiss (ECF No. 84). For the following reasons, Plaintiffs' Motion is **GRANTED**, Defendant's Motion is **DENIED AS MOOT**, and this case is **DISMISSED WITHOUT PREJUDICE**.

**I.  BACKGROUND**

This case arises out of unauthorized third-party access to Defendant Health Recovery Services, Inc.'s computer storage systems. Defendant is a mental health and substance abuse nonprofit that offers a variety of services and treatment options to members of the community, including, among others, Tiana Frechette and her two minor children. (ECF No. 38 at 1-2). As a result of their engagement, Defendant maintained patients' personal health information such as "names, addresses, telephone numbers, dates of birth, medical information, health insurance information, diagnoses, treatment information, and social security numbers." (*Id.* at 2; ECF No. 50 at 2-3). But in early 2019, Defendant "discovered that an unauthorized IP address had accessed [its] computer network from November 14, 2018 until February 5, 2019." (ECF No. 50 at 1).

1

Ms. Frechette, now "Plaintiff," subsequently brought suit against Defendant, claiming breach of implied contract, unjust enrichment, and both willful and negligent violations of the Fair Credit Reporting Act. (ECF No. 38 at 12-18). Under her theory of the information exposure, Defendant "fail[ed] to adequately protect and secure the Personal Information in its possession and fail[ed] to timely detect the breach." (*Id.* at 5). Plaintiff hoped to move forward with these claims on behalf of herself, her children, and others whose information was exposed or potentially exposed. (*See* ECF No. 60). But based on the parties' briefing, this Court denied Plaintiff's request for class certification, finding she satisfied neither the numerosity nor ascertainability requirements, which doomed her motion. (*See* ECF No. 80). Before ruling on class certification, this Court dismissed Plaintiff's Fair Credit Reporting Act claims but allowed her to proceed on her implied contract and unjust enrichment claims. (ECF No. 44). Defendant subsequently answered Plaintiff's amended complaint and moved for summary judgment, (ECF Nos. 50, 76), in response to which Plaintiff moved for voluntary dismissal of her claims. (ECF No. 84). These outstanding motions are now ripe for review.

## II. LAW & ANALYSIS

### A. Motion to Dismiss

As Plaintiff seeks a voluntary dismissal by court order, both parties agree that this Court is guided by Federal Rule of Civil Procedure 41 under which this Court can dismiss a case "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). But the parties disagree about the appropriate type of dismissal: Plaintiff is requesting a dismissal without prejudice, but Defendant asserts the dismissal should be with prejudice. (*Compare* ECF No. 84 at 1, *with* ECF No. 85 at 1). In seeking as much, Plaintiff points to this Court's denial of class certification and argues that Defendant will not face "plain legal prejudice" based only on the "mere prosect of a second

lawsuit[.]" (ECF No. 84 at 1). In disagreeing, Defendant directs this Court's attention to their outstanding motion for summary judgment and the "significant effort and expense" expended on litigating Plaintiff's claims to date. (ECF No. 85 at 2-3).

The parties are correct that "[g]enerally, a court's decision to grant a plaintiff's Rule 41(a)(2) motion is improper only if, as a result of a dismissal without prejudice, a defendant will suffer 'plain legal prejudice,' as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). In evaluating plain legal prejudice, this Court is to consider: "(1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) the plaintiff's insufficient explanation for the need to take a dismissal; and (4) whether the defendant has filed a motion for summary judgment." *Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). Per the text of the rule, the default under Rule 41(a)(2) is dismissal without prejudice. *See* Fed. R. Civ. P. 41(a)(2).

As applied to this case, these four factors weigh in favor of dismissing Plaintiff's claims without prejudice. While this case originated in 2019, "nothing in the record … intimate[s] that Plaintiff has engaged in excessive delay and a lack of diligence in prosecuting this case." *Ohio Democratic Party v. Blackwell*, 2:04-cv-1055, 2005 WL 8162668, at *12 (S.D. Ohio Aug. 26, 2005). Indeed, the parties attempted mediation in 2021 and Plaintiff survived a motion to dismiss in 2022, after which Plaintiff amended her complaint and ensured the proper parties were involved. (ECF Nos. 31, 38); *see Dowling v. Select Portfolio Servicing, Inc.*, No. 05-cv-00049, 2007 WL 2815567, at *3 (S.D. Ohio Sept. 25, 2007). Though Defendant paints its reactions to these filings as particularly burdensome, not only did Defendant stipulate to the filing of the Second Amended

3

Complaint, but the Second Amended Complaint realleges claims included in the prior complaint. (ECF Nos. 36, 38). Also, the case is far from trial and there has been little to no discovery. *See Jones v. Mount Carmel Health Sys.*, No. 06-c2-1009, 2008 WL 213956, at *3-4 (S.D. Ohio Jan. 24, 2008).

To the contrary, Defendant's motion for summary judgment and opposition to Plaintiff's motion to dismiss cut in favor of its prejudice argument, both as new filings and a dispositive motion, as the Rules do not allow a plaintiff to move for dismissal unilaterally after the filing of such motions. *See* Fed. R. Civ. P. 41(a)(1). "But the filing of a summary judgment motion, while it weighs against granting voluntary dismissal, is not dispositive." *Zaya v. Adducci*, No. 20-cv-10921, 2020 WL 4816200, at *3 (E.D. Mich. Aug. 19, 2020); *see also Dowling*, 2007 WL 2815567, at *3 (granting dismissal without prejudice after summary judgment order).

As to Defendant's tie in of their summary judgment allegations, Plaintiff opted to file this motion to dismiss in lieu of responding to Defendant's motion for summary judgment. To the extent Defendant objects to this strategy, "it is merely a by-product of a legal regime that encourages early voluntary dismissals" as "Courts encourage plaintiffs to move for voluntary dismissal earlier rather than later in the litigation process so as to conserve the resources of both the litigants and the judiciary." *Jones*, 2008 WL 213965, at *3. Indeed, should Plaintiff refile, this Court does not see how Defendant could not use at least a portion of its work thus far in subsequent litigation. *See Matthews v. Owens*, No. 2:13-cv-1071, 2015 WL 5380857, at *3 (S.D. Ohio Sept. 15, 2015).

In sum, Plaintiff's request for a dismissal without prejudice is well-taken in light of her quick reaction to this Court's denial of class certification. *See Dowling*, 2007 WL 2815567, at *3. Defendant also alludes to the court's discretion to impose "any other conditions that it deems

4

necessary." (ECF No. 85 at 1 (quoting *Schussler v. Gandhi Gi, LLC*, No. 3:22-cv-372, 2023 U.S. Dist. LEXIS 48214, at *4 (S.D. Ohio Mar. 21, 2023)). But Defendant does not suggest any condition other than dismissal with prejudice, such as payment of its fees. *See Matthews*, 2015 WL 5380857, at *3. Her claims will therefore be dismissed without prejudice and without any other conditions.

### B.  Motion for Summary Judgment

Because this Court is granting Plaintiff's motion for voluntary dismissal which disposes of this case, this Court need not consider the merits of Defendant's Motion for Summary Judgment. That motion is accordingly **DENIED AS MOOT**.

### II.  CONCLUSION

For the following reasons, Plaintiffs' Motion to Dismiss (ECF No. 84) is **GRANTED** and Defendant's Motion for Summary Judgment (ECF No. 76) is **DENIED AS MOOT**. Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 21, 2024**